TRIPLEX ENGINEERING COMPANY *v.* COMMERCIAL
CONTRACTING CORPORATION.

1. Appeal and Error—Questions Reviewable—Contracts—Change
   of Design.

   Questions presented for consideration by the Supreme Court in
   review of action of assumpsit for sums alleged to be due
   in the manufacture of new automation equipment were not
   reviewable, where based on erroneous premise that the only
   valid undertakings of the parties were as shown in the written
   instruments and it appears there were changes of design
   and specifications found to be necessary as work progressed on
   the special equipment.

2. Same—Nonjury Case—Automation Equipment—Extras—Set-
   Off and Recoupment.

   Finding of trial court in nonjury case that plaintiff was entitled
   to compensation for "extras" and denial of relief to defendant
   in its claim of set-off and recoupment in action to recover
   balance due on work performed in the manufacture of new
   automation equipment *held,* well within the range of the
   testimony.

Appeal from Wayne; Fitzgerald (Neal E.), J.
Submitted May 12, 1959. (Docket No. 69, Calendar
No. 47,716.)  Decided July 14, 1959.

Assumpsit by Triplex Engineering Company, a
Michigan corporation, against Commercial Contract-
ing Corporation, a Michigan corporation, for sums
due on construction of factory equipment.  Claim
of set-off and recoupment.  Judgment for plaintiff.
Defendant appeals.  Affirmed.

---

References for Points in Headnotes
[1]  12 Am Jur, Contracts § 427 *et seq.*
[2]  12 Am Jur, Contracts § 325.

*Glassen, Parr & Rhead* and *Burgess & Mead,* for plaintiff.

*Schaeffner & Sanders,* for defendant.

Black, J.   Between March 6, 1956, and May 25, 1956, defendant issued to plaintiff 4 purchase orders for the designing, manufacturing and installation of special machine tool and foundry equipment in the "new foundry building" of the New Haven Foundry Company, of New Haven.   The contemplated work was new to both contracting parties (it is referred to in the record as "the automation equipment"). Difficulties, ultimately found insurmountable, led to changes of design and specifications and, finally, to dispute and litigation.   Certain payments were made by defendant to plaintiff on account of the agreed venture leaving, according to plaintiff, a balance of $11,286.28 owing plaintiff by defendant.

For the recovery of such disputed amount this suit was instituted.   Defendant denied owing plaintiff any balance and filed notice of set-off and recoupment planted upon defective workmanship and breach of contract "by stopping all work and performance on such contracts."   Trial to the court without a jury resulted in an opinion of the trial judge holding generally for plaintiff and determining that defendant was obligated to plaintiff in the sum of $7,700.   Judgment for plaintiff entered accordingly.   Defendant appeals.

This is another case where our membership finds it difficult to locate and define a reviewable question of substance.   As the trial judge noted at outset of his opinion, "This case presents a pure question of fact."   Against this apparent background of disputed fact defendant insists that the trial judge

was wrong. It proffers, for review here, 3 stated questions, which questions appear in the margin.*

Stated questions 1 and 2 present no point for appellate consideration since the major premise of each proceeds on the erroneous theory (see *Jacob v. Cummings*, 213 Mich 373) that the only valid undertakings of the parties were as shown in the written instruments (and related writings) to which we have referred.

This leaves stated question 3 only for consideration. With respect to such question we find that defendant's brief fails to support its "clear preponderance" thrust. Far from being persuaded that the trial judge erred in appraising the proof for and against the disputed claims of plaintiff for "extras" and of defendant for recovery by cross-action for breach, it appears—so far as printed words alone may disclose—that the proof amply supports the trial court's judgment. That the experiment was costly no one can deny. That plaintiff duly performed its progressively agreed part of the bargain is a finding of fact which is well within the range of the testimony. Nothing further need be said.

Affirmed. Costs to plaintiff.

DETHMERS, C. J., and CARR, KELLY, SMITH, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.

---

* "1. Did the trial court ignore the express and unambiguous terms of the contracts between the parties in finding that plaintiff was entitled to further compensation?

"2. In an action to recover for services rendered where each party relies upon the existence of an express contract, unambiguous in its terms, is it error for the court to receive testimony as to the total value or cost of plaintiff's services for the purpose of recovery under the common counts?

"3. Is the finding of the trial court contrary to the clear weight of the evidence?"