# JANUARY TERM, 1960.*

GINGER *v.* BROOKFIELD.

1. ATTORNEY AND CLIENT—VALUE OF SERVICES—FINDINGS—EVIDENCE. Record in attorney's nonjury action for sums claimed to be due for services rendered defendant in the preparation of latter's income tax returns *held,* ample to sustain the trial court's finding as to sum due, where defendant disputed the value of the services rendered and the time spent thereon, and did not disclose a clear preponderance of evidence contrary to the finding.

2. SAME—EVIDENCE—ADMISSION. Plaintiff attorney's claim in amended declaration, not controverted by an answer or at pretrial conference, that defendant client had stated that he would pay plaintiff for his services if he could be sure they would be allowed as a deduction on his income tax *held,* not to constitute an admission entitling plaintiff to sum claimed, in the absence of proof that defendant was sure the charges, which the trial court found to be unjustified and excessive, would be allowed (Court Rules No 23, § 2; No 35, § 4 [1945], as amended).

Appeal from Wayne; O'Hara (Chester P.), J. Submitted January 7, 1960. (Docket No. 32, Calendar No. 48,303.) Decided February 25, 1960.

Assumpsit by George L. Ginger against Arthur Brookfield for sums due on attorney fees. Judgment for plaintiff in amount considerably less than claimed. Plaintiff appeals. Affirmed.

*George L. Ginger* (*Eric Zisman,* of counsel), *in propria persona.*

*Robert B. Knight,* for defendant.

---

* Continued from Volume 358.

REFERENCES FOR POINTS IN HEADNOTES
[2] 5 Am Jur, Attorneys at Law § 159.

Smith, J. This is an action by an attorney for his fees. It was alleged in the declaration that plaintiff had performed legal services for defendant over a number of years, for which defendant was indebted to plaintiff in the sum of $3,218.75. The defendant's answer, which was not included in any appendix submitted to us, denied the indebtedness. Thereafter plaintiff filed an amended declaration which incorporated by reference the allegations of his previously-filed declaration. In addition, the trial court well stated, it pleaded "some conclusions and some evidence," among which was an allegation by plaintiff in the following words:

"Plaintiff alleges the fact to be that when demand was made upon defendant to pay statements rendered on balance of his account, his only complaint was that he was not certain such legal expense was an allowable deduction on income tax return, saying, 'If I was sure they were allowed, I would pay them.'"

No answer was filed to the amended declaration, nor was the pretrial judge apprised of the lack of an answer. In fact, the pretrial statement contains the following: "The parties are satisfied with the present state of the pleadings as modified by this pretrial statement."

Upon trial to the court without a jury, the trial court concluded that a contract existed between the parties for payment for services rendered at the rate of $20 per hour, and that at such rate he had earned the sum of $900, for which judgment was entered.

Plaintiff's appeal to this Court counts upon 3 comprehensive "questions." One involves a pleading point, later to be discussed. Though the other 2 are variously phrased, each relates to plaintiff's dissatisfaction with the trial court's determination that the services he rendered justified an award of

a smaller sum than he had demanded. It is urged to us that the trial court disregarded the plaintiff's books and records, which he alleges substantiated his claims, and that he reduced the total amount of time recorded therein. In short, the complaint is that the trial court did not fully credit his testimony.

Upon this issue of the extent of services rendered, voluminous testimony was taken. The services rendered had to do with the defendant's income-tax returns over a period of years. Plaintiff introduced evidence of the time he spent on these matters and of the savings he accomplished. These matters were controverted. The defendant disputed the value of the services rendered and denied the accuracy of the time accounts kept.

There is no need to set forth the facts and figures debated below. The trial court, allowing the parties wide latitude in their proofs, resolved these issues of fact as indicated above. He found, among other items, that a certain pattern of entries in plaintiff's books (repetitive entries for identical amounts of time allegedly put on the client's affairs) cast doubt upon the accuracy of the whole. Upon a review of the record we cannot say he was in error. Far from disclosing a clear preponderance of the evidence contrary to the trial court's findings, *Triplex Engineering Co.* v. *Commercial Contracting Corp.*, 357 Mich 156, it is our opinion that the record amply sustains the findings made.

It seems to be the further claim by appellant that the remark attributed to defendant, "If I was sure they were allowed, I would pay them," contained in the amended declaration to which no reply was made, constituted an admission which, taken in conjunction with other matters, entitled plaintiff to judgment. Even assuming, without deciding, that the plaintiff pleaded a "material allegation" to which Court Rule No 23, § 2 (1945), applies, and further

assuming, without deciding, that he was under no duty to disclose at the pretrial conference that his proofs comprehended an "admission of fact," arising out of his opponent's failure to plead to the amended declaration (see Court Rule No 35, § 4 [4]*), the statement does not advance plaintiff's case. Appellant refers us to no proof whatever establishing the expressed condition precedent, namely, that defendant was sure (or, indeed, had reason to be sure) that the charges, here found to be unjustified and excessive by the trial court, "would be allowed."

Affirmed. Costs to appellee.

Dethmers, C. J., and Carr, Kelly, Black, Edwards, Kavanagh, and Souris, JJ., concurred.

---

* See revision of section 4, April, 1958, 352 Mich xv.—Reporter.